KENNON, Judge.
This case is on appeal from a judgment of the District Court sustaining an exception of no cause or right of action to a mandamus proceeding in which the three re-lators, who are electors of the unincorporated portion of Ward 2 of Jackson Parish, Louisiana, asked that the Police Jury of *456 that parish be ordered to- call an election to determine whether or not the sale of alcoholic beverages should be legalized within the area, all as provided by Act 372 of 1948.
Act 372 of 1948 provides that such an election shall- be called upon the petition of not less than.twenty-five per cent of the qualified electors residing within the limits of a ward, incoporated municipality, or the unincorporated portion of any ward.
In passing upon the exception of no cause of action, the allegations of a petition are admitted as true. The petition recites that there are nine hundred and' twenty-two registered voters iwithin the area affected; that there were three hundred twenty-one qualified signers of the petition; that, although ninety-seven letters had been received by the Police Jury requesting the removal of the writers’ names from the petition, only eighty of the letters requesting the removal were valid because three were signed by persons whose signatures were not certified as on the petition; two of the purported signers executed affidavits that they had not signed the letters upon which their names appeared; and ten of the letters were invalid because “they were signed by persons other than the signers of the petition, all without authority in fact and in law, and particularly of Act 372 of 1948.” (Italics by the Court) Two of the signers had, subsequent to signing the letter to remove their names, made written request that their names be reinstated on the petition.
Accepting as true the allegation that three of the ninety-seven withdrawal requests were signed by persons not on the petition and that ten of the letters were signed by persons other than the signers of the original petition without authority in fact from these petitioners, it follows that only eighty-four names should be taken from the three hundred and twenty-one qualified signers, leaving two hundred and thirty-seven names, or more than the necessary twenty-five per cent. Our opinion therefore is that the petition sets forth a valid cause of action. We find it unnecessary to pass upon the question presented as to the validity’of the request to reinstate their names that'was made by the two signers who had changed their minds twice.
In support of its exception of no right of action, defendant introduced evidence tending to show that the registrar of voters maintained no separate list of the voters of Ward 2 of Jackson Parish who resided outside the two municipalities; that the registrar of voters was in error in making a certificate as to the number of qualified electors of the unincorporated portion of Ward 2, and as to the number of valid signatures of qualified electors that were lawfully on the petition as presented to the Police Jury. These are matters which go to the merits of the controversy and not to the right of action in petitioners, as qualified electors, to have the court pass upon whether or not the petition presented to the Police Jury contained the signatures of the requisite number of qualified electors as required by Act 372 of 1948. Under Article 15 of the Code of Practice, anyone may file a suit who has a real and actual interest. It has been often held that the residents of a political ’subdivision of this state have a right to test in court the validity vel non of the action taken by the governing authorities of the political subdivision in which the petitioning citizens reside.
For the reasons assigned, the judgment appealed from is reversed and the exceptions of no cause and right of action are overruled and the case is remanded to the District Court for further proceedings in accordance with law.